IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY LONDELL SEARIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-1014-TFM |
| | ) | [wo] |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

On November 30, 2010, Terry L. Searight ("Plaintiff" or "Searight") filed suit in this court pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying disability. The Court deems Searight has abandoned his claims and the Court DISMISSES the case for want of prosecution.

### I. NATURE OF THE CASE

Plaintiff Searight filed his complaint for administrative review on November 30, 2010. Doc. 1. Concurrently, Searight filed a *Motion to Proceed in forma pauperis* (Doc. 2) which the Court granted on December 1, 2010. Doc. 3. Pursuant to the Court's scheduling order (Doc. 4), the Defendant Astrue ("the Commissioner") filed an answer on March 2, 2011, and the Plaintiff's brief in support of the claims was due 40 days thereafter. Doc. 10 and Doc. 3 at 1. Searight failed to file a brief in support of the claim, which was due on or before April 11, 2011. On May 9, 2011, the Court entered an order requiring Searight show cause why

this case should not be dismissed for want of prosecution.  Doc. 13.  The Court also warned Searight that the consequence of not complying would be dismissal of the complaint. Searight has filed nothing in response to the order of the Court.  Searight still failed to respond.

## II.  DISCUSSION AND ANALYSIS

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." FED. R. CIV. P. 41(b).   As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).  Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).  Moreover, "[a]lthough the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* whenever necessary to 'achieve the orderly and expeditious disposition of cases'"  *Lopez v. Aransas County Indep. Sch. Dis.*, 570 F.2d 541, 544 (5th Cir. 1978) (quoting *Link*, 370 U.S. at 630-31, 82 S.Ct. at 1389); *see also Frances v. Brandon*, 287 Fed. Appx. 69, 71 (11th Cir. 2008) (quoting *Lopez*).  Additionally, "[t]he court's power to dismiss is an inherent aspect of its authority to enforce its order and insure prompt disposition of

lawsuits.  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Mindful of the judicial caution which should attend the dismissal of cases, the Court recognizes Searight had more than a reasonable opportunity to prosecute this action. Searight first failed to file a brief as required and then fialed to respond to the order to show cause.  *See* Docs. 4 and 13.  Consequently, it is reasonable to conclude that Searight has chosen to abandon prosecution of his claims.

As Searight made no efforts to comply with the Court's orders, the claims merit dismissal pursuant to Fed. R. Civ. P. 41(b).  However, the dismissal is without prejudice as a dismissal without prejudice is only appropriate when the party "engages in a clear pattern of delay or willful contempt (contumacious conduct)."  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)..

### III.  CONCLUSION

Having found that Plaintiff has abandoned the complaint accordingly, it is the ORDER, JUDGMENT, and DECREE of this Court that Plaintiff's claims are DISMISSED without prejudice.

Done this 25th day of May, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE