IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY LONDELL SEARIGHT,    )<br>                                         )<br>       Plaintiff,             )<br>                                         )<br>v.                                       )<br>                                       )<br>MICHAEL J. ASTRUE,             )<br>Commissioner of the Social Security )<br>Administration                     )<br>                                       )<br>       Defendant.            ) | CASE NO. 2:10-cv-1014-TFM<br>[wo] |

## **MEMORANDUM OPINION AND ORDER**

On May 27, 2011 Plaintiff filed a *Motion to Reinstate and for Extension of Time* which the Court construes as a Motion for Reconsideration as there is no motion to reinstate under the Federal Rules of Civil Procedure. The motion is denied for the reasons set forth below.

### I.  NATURE OF THE CASE

On November 30, 2010, Terry L. Searight ("Plaintiff" or "Searight") filed suit in this court pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Defendant" or "Commissioner") denying disability. Doc. 1. Concurrently, Searight filed a *Motion to Proceed in forma pauperis* (Doc. 2) which the Court granted on December 1, 2010. Doc. 3. Pursuant to the Court's scheduling order (Doc. 4), the Commissioner filed his answer on March 2, 2011, (Doc. 10) and the Plaintiff's brief in support of the claims was due 40 days thereafter. Doc. 3 at 1. Searight failed to file a

brief in support of the claim, which was due on or before April 11, 2011.  Four weeks later, the Court entered an order requiring Searight to show cause why this case should not be dismissed for want of prosecution.  Doc. 13.  The Order issued by this Court specifically warned that the "failure to file any response will be treated as an abandonment of the claims set forth in the complaint."  Doc. 13.  Plaintiff was allowed until May 19, 2011 in which to respond to the show cause order.  No response was filed despite the Court's warning.  On May 25, 2011, the Court issued its *Memorandum Opinion and Order* dismissing the case without prejudice.  On May 27, 2011 Plaintiff filed a minimalistic *Motion to Reinstate and for Extension of Time* wherein he states that"[e]rror was committed and the case deserves court review," and that "[n]o prejudice would result from this action."  Doc. 16.  The motion cites no rules nor dies it provide any substance beyond the three brief sentences.

## II. LEGAL STANDARD

A motion to alter, amend or vacate is governed by Federal Rule of Civil Procedure 59(e).  "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."  *Eades v. Alabama Dept. Of Human Resources*, 298 Fed.Appx. 862, 864 (11th Cir. 2008) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).  A motion for relief from a judgment or order is governed by the Federal Rule of Civil Procedure 60(b). The petitioner must show one of the following reasons to be granted relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrisic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "It has long been recognized in the Eleventh Circuit, that a movant *must provide some justification* for relief for Rule 60(b) to apply, and that an attorney's negligence or oversight in failing to timely respond is not such excusable neglect as would require a district court to grant relief under Rule 60(b), even if that attorney is preoccupied with other litigation. *Knudson v. Wachovia Bank*, 2008 WL 2542686 (M.D. Ala. 2008) (Emphasis added) (citing *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986)). Under a Rule 60(b) motion "attorney negligence or oversight is rarely grounds for relief." *United States v. Real Prop. & Res. Located at Rout 1, Box 111, Firetower Rd., Semmes, Mobile Count, Ala.*, 920 F.2d 788, 792 (11th Cir. 1991).

### III. DISCUSSION AND ANALYSIS

The Court dismissed the original complaint under Rule 41 of the Federal Rules of Civil Procedure due to "failure of the plaintiff to prosecute or to comply with these rules or any order of court." FED. R. CIV. P. 41(b).  As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). The Court further states "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the District Courts." *Id.*

In cases where a plaintiff fails to respond to a court's order to show cause, subsequent dismissal orders for want of prosecution are not an abuse of discretion by the court. *See Madura v. Lakebridge Condominium ASS'n Inc.*, 382 Fed.Appx. 862 (11thCir. 2010) (holding that dismissal for want of prosecution when plaintiff failed to respond to courts order to show cause was not an abuse of discretion).

The Plaintiff's motion to reinstate subsequent to the order of dismissal by this Court is viewed by this Court in a relative vacuum of information due to the fact that the motion itself does not state whether they are seeking relief under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. The Court therefore briefly address each.

While a motion under Rule 59(d) must be filed within 10 days of any court actions to be considered timely, which in the present case is easily met, it must also be based on "newly-discovered evidence or manifest errors of law or fact." *Eades v. Alabama Dept. Of Human Resources*, 298 Fed. Appx. 862, 864 (11thCir. 2008) (unpublished). The motion fails under Rule 59(e).

Under Rule 60(b), the movant may chose from a number of reasons to establish the cause for the petition, including "any other reason that justifies relief." However, the movant must provide some justification for relief for Rule 60(b) to apply. *Knudson v. Wachovia Bank*, 2008 WL 2542686 (M.D. Ala. 2008). While Plaintiff states in the motion to reinstate that "[e]rror was committed and the case deserves court review" as well as the fact that "[n]o prejudice would result from this action" neither of these rise to the level of a descriptive

reasoning as enumerated in the rule itself. Consequently, the Court finds that the motion fails under Rule 60(b) as well.

Assuming for the purposes of this opinion only, should the Plaintiff have filed under Rule 60(b)(1)[1] in that there was a mistake, inadvertence, or excusable neglect it is well established that a simple claim of inadvertence and mistake is insufficient reasoning to the Court to justify relief from the order to dismiss. *Knudson*, 2008 WL 2542686, at 1. "[A]n attorney's negligence or oversight in failing to timely respond is not such excusable neglect as would require a district court to grant relief under rule 60(b), even if that attorney is preoccupied with other litigation." *Solaroll Shade and Shutter Corp. v. Bio-Entergy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986). The Court agrees that "[i]t would be difficult, indeed, for the court to expect attorneys to follow its orders if all it took to justify ignoring them was to say that 'it was due to inadvertence and mistake.'" *Knudson*, 2008 WL 2542686, at 2. "Attorneys have not only a duty to comply with orders of the court, but also a right to expect other attorneys to do the same." *Id.*

In the instant case, Plaintiff had more than a reasonable opportunity to prosecute this action. Searight first neglected to timely file a brief as required and then failed to respond in any way to the order to show cause. Even now, in the motion to reinstate, Plaintiff gives no explanation as to the delay or neglect, nor does he provide the required reasoning as to

---

[1] The Court makes the assumption because there are no other factors listed under Rule 60(b) under which the Plaintiff would be able to make a colorable argument that applies to the motion, such as fraud, new evidence, void judgment, satisfied judgment, or any other vague reasoning.

why the reinstatement should be considered or granted by the Court. Plaintiff made no efforts to comply with the Court's orders, the claims merited dismissal pursuant to Fed. R. Civ. P. 41(b). Further, the motion to reinstate also fails whether considered under Rule 59(e) or Rule 60(b).

## IV. Conclusion

Therefore, it is ORDERED that the motion for reconsideration is DENIED.

Done this 2nd day of June, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE